UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGELIA JONES,

    Plaintiff,

v.                                          Case No.:  3:24-cv-406-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Angelia Jones seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.  **Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on August 16, 2021, alleging disability beginning on April 28, 2021. (Tr. 10, 72). The application was denied initially and on reconsideration. (Tr. 72, 79). Plaintiff requested a hearing, and on September 26, 2023, a hearing was held before

Administrative Law Judge Robert Droker ("ALJ"). (Tr. 53-71). On October 31, 2023, the ALJ entered a decision finding Plaintiff not under a disability from April 28, 2021, through the date of the decision. (Tr. 10-22). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request February 28, 2024. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on April 24, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 28, 2021, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease of spine, arthritis of lower extremity, and muscle ligament." (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 [C.F.R. §] 404.1567(b), except she needs to avoid ladders or unprotected heights. She needs to avoid operation of heavy moving machinery. She could occasionally bend, crouch, kneel, stoop, needs to avoid squat or crawl. She needs to avoid push pull of arm control. [She] must avoid the operation of foot controls. She needs a monocane for ambulation.

(Tr. 14).

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a collection clerk and medical secretary. (Tr. 21). The ALJ also determined that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 21). The ALJ concluded that Plaintiff had not been under a disability from April 28, 2021, through the date of the decision. (Tr. 22).

**II.  Analysis**

On appeal, Plaintiff raises two issues:

(1) Whether the ALJ failed to explain or articulate explicit and adequate reasons why he rejected Plaintiff's repeated statements that she could not sit or stand for extended periods; and

(2) Whether the ALJ failed to consider how Plaintiff's mild mental limitations affected her RFC and her ability to perform past skilled work.

(Doc. 18, p. 1).

### A. Subjective Complaints

Plaintiff argues that even though she complained to her medical providers and at the hearing that she could not sit or stand for long periods of time and testified that was the reason she could not return to her past work, the ALJ never addressed this subjective complaint. (Doc. 18, p. 12, 14). Plaintiff claims that prolonged sitting or standing causes her pain and limits her activities. (Doc. 18, p. 14).

Generally, a claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and

(7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ thoroughly summarized Plaintiff's statements and testimony, including that she claimed she could not sit or stand for more than ten minutes at a time and this physical condition limited her ability to work. (Tr. 15). He also acknowledged that Plaintiff testified that she could sit for only three to four minutes before needing to change positions. (Tr. 15). After this summary, the ALJ generally found:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 15-16).

The ALJ then thoroughly summarized the medical and other evidence of record. (Tr. 16-20). Throughout the decision, the ALJ also summarized various medical records showing when Plaintiff's gait was normal or when it was antalgic, such as when she ambulated with a limp. (Tr. 17-18). The ALJ also noted Plaintiff's statements about her ability to walk that ranged from as little as 7-8 feet to 4 blocks. (Tr. 15-16, 18-19). Prior to assessing the medical opinions, the ALJ again addressed Plaintiff's subjective statements about her physical condition:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because they are not fully supported by the objective evidence in the record. She complains of back, hip and knee pain. July 2021 left knee x-ray was consistent with mild joint narrowing and osteoarthritis (See Ex. 32F/21). March 2022, right knee, and right hip x-rays showed mild osteoarthritis (See Ex. 36F/1). She complains of difficulty and pain with ambulation. Although exam findings in the record variably noted a normal gait vs an antalgic or limping gait status post hip replacement (See for example, Ex. 56F/15-16, 44F/2-8, and 57F), the residual functional capacity assessment herein allows for the use of a monocane, which does not prohibit her ability to perform her past work as collections clerk and medical secretary per testimony of the vocational expert. The claimant has reported general independence in activities of daily living, and maintains the ability to

> bathe/dress herself, drive and go out alone, shop by computer, read, attend church, and participate in her care with treatment providers.

(Tr. 18).

Plaintiff first argues that the ALJ did not actually address Plaintiff's statements about her inability to sit for a prolonged period of time. (Doc. 18, p. 15). While the ALJ may not have addressed this specific subjective complaint, the ALJ acknowledged that Plaintiff complained that she could not sit for a prolonged period of time due to pain. (Tr. 15). The ALJ also found that Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms were inconsistent with and not fully supported by the objective medical evidence of her neck, back, hip, and knee pain. (Tr. 18). The ALJ considered Plaintiff's underlying allegations of pain in the areas that would cause her to be unable to sit for prolonged periods of time. (Tr. 17-19). Taking the record as a whole, the ALJ considered Plaintiff's subjective statements, including the areas of pain that she alleged prevented her from prolonged sitting.

Second, Plaintiff argues that the ALJ cited only selective portions of the evidence that "does not logically support that [Plaintiff] would *not* have difficulty sitting for prolonged periods." (Doc. 18, p. 16). And third, Plaintiff contends that she not only complained to SSA of her difficulties in standing and sitting, but also reported these complaints to her medical providers. (Doc. 18, p. 16). Plaintiff cites

some medical records that show that Plaintiff had two lumbar spine surgeries and was being treated for failed back syndrome with medication and lumbar epidural steroid injections. (Doc. 18, p. 16). Plaintiff also cites records that she had a spinal cord stimulator and a lumbar spine MRI that showed mild to moderate canal stenosis at L3-4 and L4-5, and severe right neural foraminal narrowing at L5-S1. (Doc. 18, p. 16). Finally, Plaintiff cites medical records, showing severe right hip joint space narrowing and pain, leading to Plaintiff's total right hip replacement. (Doc. 18, p. 17). While the ALJ may not have cited all these medical records, the ALJ recognized that Plaintiff suffered from neck pain, low back pain, knee pain, and hip pain. (Tr. 15-19). The ALJ also noted that Plaintiff underwent total right hip arthroplasty on November 14, 2022, and had a spinal cord stimulator. (Tr. 17). Viewing the record as a whole, the ALJ considered Plaintiff's medical records such that he considered Plaintiff's subjective statements of reported pain in her medical records as well as in other evidence of record.

Fourth, Plaintiff argues that in assessing Andre Nunley, APRN's opinion about the need to shift positions from sitting, standing, or walking, the ALJ left out words, making the decision unclear, and the ALJ failed to articulate that Plaintiff would not have any difficulties with prolonged sitting. (Doc. 18, p. 17-18). Plaintiff does not challenge the ALJ's finding that APRN Nunley's opinion was partially persuasive, but claims that the ALJ failed to explicitly and adequately provide

reasons to discount Plaintiff's statements. (Doc. 18, p. 18).[1] The ALJ determined that APRN Nunley's "assessed limitations of lifting/carrying less than 10 pounds, shifting positions from sitting, standing, or walking every [amount of time is missing from the opinion] at Ex. 40F are mostly inconsistent with the record, and thus not persuasive." (Tr. 19). The ALJ found that APRN Nunley's opinion was not supported by an October 31, 2022 exam finding, which did not test Plaintiff's limits about gait or use of a cane and showed Plaintiff was in no distress. (Tr. 19). The ALJ also noted that Plaintiff's complaints of pain were treated by medication only. (Tr. 19).

The ALJ considered Plaintiff's activities of daily living; the location, duration, frequency, and intensity of her pain complaints; factors that aggravated the pain; and treatments for the pain. (Tr. 18). After considering Plaintiff's medical condition as a whole, including APRN Nunley's opinion, the ALJ clearly articulated explicit and adequate reasons for finding Plaintiff's complaints of underlying pain that caused her to be unable to sit or stand for prolonged period of time not entirely consistent with the objective medical evidence of record. Substantial evidence supports that ALJ's assessment of Plaintiff's subjective complaints.

---

[1] Because Plaintiff did not challenge the ALJ's persuasiveness finding for APRN Nunley's opinion, she has waived any such issues on appeal. *See Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (finding in a social security case, issues not raised before the district court are waived).

### B. Mild Mental Impairments

Plaintiff challenges the ALJ's decision not to include mental limitations in the RFC assessment given the ALJ's finding that Plaintiff could return to her past skilled relevant work. (Doc. 18 p. 19-20, 22). In the decision, the ALJ found Plaintiff had mild limitations in two of the four broad functional areas of mental functioning, known as the "paragraph B" criteria. (Tr. 13). These areas are: (1) understanding, remembering, or applying information; and (2) concentration, persisting, or maintaining pace. (Tr. 13). The ALJ found no limitations in the remaining two areas. (Tr. 13). While the ALJ found mild limitations in two areas, he included no mental limitations in the RFC assessment. (Tr. 14).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts

and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

At step two of the decision, the ALJ found Plaintiff's medically determinable mental impairment of anxiety did not cause more than minimal limitations in her ability to perform basic mental work activities and was therefore non-severe. (Tr. 12-13). The ALJ supported his findings for mild impairments in understanding, remembering, or apply information by citing Plaintiff's function reports, which showed Plaintiff's ability to take care of her personal needs and also included her various activities of daily living, such as driving alone, going out, shopping by computer, and managing money. (Tr. 13). The ALJ supported his finding for mild impairments in concentrating, persisting, or maintaining pace by citing Plaintiff's hobbies of reading and watching television, paying attention, following written and spoken instructions well, and handling changes in routine well. (Tr. 13). The ALJ acknowledged that these findings were not an RFC assessment and that an RFC finding requires a more detailed assessment. (Tr. 14).

In assessing Plaintiff's RFC, the ALJ discussed the mental health findings in the medical records. The ALJ noted that a November 28, 2022 psychiatric exam found normal orientation, appropriate mood and affects, and normal insight and judgment. (Tr. 17). The ALJ also noted that at pain management treatments on May 25, June 14, July 13, and August 14, 2023, Plaintiff had appropriate behavior, normal

insight and judgment, normal attention span and concentration, normal orientation, and normal memory. (Tr. 18). And at an August 7, 2023 neurosurgery visit, the ALJ noted the record reflected that Plaintiff was in no acute distress, had appropriate affect, insight, judgment, and was oriented, with normal memory, speech, concentration, fund of knowledge, and mood. (Tr. 18). The ALJ summarized the medical health findings: "[f]urther, mental status exam findings in the record demonstrate findings within normal limits. Thus, no specific mental limitations have been included in the residual functional capacity assessment herein." (Tr. 18-19).

Plaintiff argues that the ALJ erred in not examining the effect of Plaintiff's mild mental limitations on her ability to perform her past skilled work, citing *Arce v. Comm'r of Soc. Sec.*, No. 23-11315, 2024 WL 36061 (11th Cir. Jan. 3, 2024). In *Arce*, Plaintiff appealed the decision denying her disability insurance benefits. *Id.* at *1. One issue the plaintiff raised was whether the ALJ had properly considered Plaintiff's non-severe mental limitations and how they affected her RFC assessment. *Id.* The Court held that the ALJ had not applied the correct legal standard and remanded the action, citing *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1270 (11th Cir. 2019). *Id.* at *2. The Court found that while the ALJ found only mild mental impairments in the step 2 analysis, the RFC assessment at step 4 was limited to the plaintiff's physical abilities and impairments and erroneously omitted consideration of her mental limitations. *Id.* The Court also found that to establish

that the plaintiff could perform certain jobs in the national economy, the ALJ had to consider all of the duties of that work and evaluate the plaintiff's ability to perform those duties despite all her impairments, severe and non-severe. *Id.*

Unlike *Arce* and *Schink*, the ALJ here specifically discussed Plaintiff's mental impairments in assessing the RFC. (Tr. 17-19). The ALJ found that Plaintiff's mental status exam findings were generally within normal limits. (Tr. 19). The ALJ also found that based on these exam findings, no mental limitations needed to be included in the RFC assessment. (Tr. 19). Moreover, in finding at most mild impairments, other courts have found that an ALJ need not include any mental limitations in the RFC. *See Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022) ("Notably, an ALJ is not required to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria.") (citing *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979-80 (11th Cir. 2016) (per curiam)). Here, the ALJ considered all of Plaintiff's impairments, including mental impairments, in assessing Plaintiff's RFC. For these reasons, substantial evidence supports the ALJ's RFC assessment and remand is unwarranted.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied

the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

    **DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties